## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 04-20140-02-CM |
| | ) | |
| MARDELL TROTTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Mardell Trotter's Motion for Judgment of Acquittal

(Doc. 76).  On May 27, 2005, a jury found defendant guilty of multiple drug-related crimes including, but

not limited to, (1) conspiracy to possess with intent to distribute cocaine base and cocaine within 1,000 feet

of a school, as well as marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a); and (2) use of a

firearm during and in relation to or possession of a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c).  Defendant moves for an acquittal on the conspiracy and firearm counts.

For the following reasons, the court denies defendant's motion.

**I.      Legal Standards**

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most

favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999) (citation

omitted).  The court must uphold the jury's guilty verdict if "'*any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.'"  *United States v. Haber*, 251 F.3d 881, 887

(10th Cir. 2001) (emphasis in original) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir. 1999)).  "The evidence necessary to support a verdict 'need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt.'"  *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) (additional quotation marks and citations omitted).  The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence.  *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted).  An inference is "reasonable" if "logical and probabilistic reasoning" can lead to the conclusion.  *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted).  The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole."  *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

**II.     Discussion**

**A.      Conspiracy Count**

Defendant claims that the government failed to present sufficient evidence to support the conspiracy count for two reasons: (1) the testimony of Royce King and Vonna Landis, which was the only source of evidence on which the jury could have found that defendant conspired to distribute crack cocaine on four occasions, was not credible; and (2) there was no evidence that defendant agreed to participate in a conspiracy concerning the quantities of drugs that Maurice Trotter, his co-defendant, sold in controlled buys.

The court rejects defendant's first argument on two bases.  First, the court does not reevaluate the credibility of witnesses in reviewing the sufficiency of the evidence.  *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997).  It is the jury's duty to resolve conflicting testimony, weigh the evidence, and

draw inferences from the facts.  *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995) (citation omitted).  Moreover, "[c]redibility choices are resolved in favor of the jury's verdict. . . ." *United States v. Horn*, 946 F.2d 738, 740 (10th Cir. 1991) (citations omitted).  Despite the fact that Mr. King may have repeatedly indicated that he cannot be trusted, the jury was free to believe or disbelieve his testimony.  And even though Ms. Landis's ability to recognize defendant's voice on the phone may have been suspect, the jury was in a position to draw inferences from the facts and to weigh her testimony.  The court will not reevaluate the credibility of either witness's testimony.  *See Nieto*, 60 F.3d at 1469 ("The credibility of [the witness] was a matter properly left for the trier of fact to decide." (citation omitted)).

Second, the testimony of Mr. King and Ms. Landis was not the only evidence on which the jury could have found defendant guilty of conspiracy.  The government also presented corroborating evidence that supported the verdict.  Officer Sean Brown monitored the storage locker and the quantities of drugs stored there.  He observed 156 grams of powder cocaine and five pounds of marijuana in the storage locker on July 30, 2004.  He saw defendant enter the storage locker on August 4, and observed the next day that two pounds of marijuana was missing and that the powder cocaine had been repackaged in a child's glove.  Mr. King testified that he went with Maurice Trotter to the storage locker on August 5 and retrieved what Mr. King thought to be a sock.  That same day, Officer Brown confirmed that the powder cocaine had been removed from the storage locker.  Mr. King informed Officer Brown that the Trotters were planning on cooking the powder cocaine into "crack" that evening.  Both Mr. King and Donald Southard saw defendant with crack cocaine on August 6.  And when the search warrants were executed, 64.74 grams of powder cocaine and 41.81 grams of crack cocaine were found in Maurice's residence. The combined quantities of the recovered drugs and the crack cocaine in defendant's possession were

close to the quantity of drugs originally stored in the storage locker.  This evidence, viewed in the light most favorable to the government, sufficiently supports defendant's conviction.

With respect to defendant's second argument, defendant relies on *United States v. Dunmire*, 403 F.3d 722, 726 (10th Cir. 2005), to support his argument that the government needed to – and failed to – present evidence that defendant conspired to sell the specific quantities of drugs that Maurice Trotter sold during four controlled buys.  In *Dunmire*, the Tenth Circuit rejected the notion that participation in one drug transaction provided sufficient evidence of a conspiracy covering other drug transactions:

> The government argues that the jury could have relied on the quantities distributed by Mr. Sharkey to arrive at the amount of five or more grams.  This argument is in line with the government's theory of the case at trial: in for a penny, in for a pound. In other words, Defendant's involvement with one drug transaction, with nothing more, demonstrates an implicit agreement to be involved with all of Mr. Sharkey's drug deals.  This line of reasoning demonstrates a misunderstanding of the elements of a conspiracy to distribute drugs.  As we stated in [*Unites States v.*] *Arras*, a conviction for conspiracy to distribute a certain quantity of drugs must be supported by evidence of an agreement to distribute that quantity of drugs. 373 F.3d [1071, 1074 (10th Cir. 2004)].  This requirement is only logical since our sentencing scheme for drug cases, at least prior to the remedial holding of *United States v. Booker*, --- U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is driven in large part by the quantity of drugs involved.  *See* U.S. Sentencing Guidelines Manual § 2D1.1(c) (2004).  Evidence of participation in one drug deal demonstrates an agreement to distribute the amount of drugs involved in that particular transaction.  However, absent additional evidence, participation in one drug deal does not render one culpable for a conspiracy to distribute the quantity of drugs actually distributed by one's alleged co-conspirator.

403 F.3d at 725 n.2.  Defendant argues that mere possession of the drugs found in the August 6 search does not make him culpable for a conspiracy to distribute drugs actually sold by Maurice.  He claims that the government failed to present evidence that the drugs involved in Maurice's controlled buys were furnished by defendant, or that defendant profited from those sales.

Application of *Dunmire* presupposes that the government did not present additional evidence of an

ongoing conspiracy.  *See id*. ("However, ***absent additional evidence***, participation in one drug deal does not render one culpable for a conspiracy to distribute the quantity of drugs actually distributed by one's alleged co-conspirator." (emphasis added)).  As explained above, the government presented additional evidence of the conspiracy at trial, including extensive testimony by Mr. King and Ms. Landis demonstrating the extent and aspects of the agreement between defendant and Maurice.  *Dunmire* does not mandate an acquittal under the facts of this case.

The circumstantial and direct evidence of a conspiracy between defendant and Maurice Trotter was sufficient to support defendant's conspiracy conviction.

**B.     Section 924(c) Count**

Defendant claims that the evidence supporting his conviction under 18 U.S.C. § 924(c) is insufficient because the only evidence relating to the § 924(c) allegations is that defendant traded Kreg Steiben crack cocaine for a handgun, and that the handgun was stored behind some tires in the storage unit. According to defendant, such evidence is insufficient to demonstrate either "possession in furtherance of a drug trafficking offense" or "use" of the gun as that term is defined in § 924(c).  The court upholds the conviction on alternative bases – the government presented sufficient evidence to demonstrate either "possession" or "use" as referenced in the statute.

To adequately support a "possession" claim under § 924(c), the facts must show that a drug dealer did more than merely possess a gun – they must show that his possession "furthered, promoted or advanced his illegal drug activity."  *United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001); *see also United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000) ("'[M]ere presence' is not enough. . . .  What is instead required is evidence more specific to the particular defendant, showing that his

-5-

or her possession actually furthered the drug trafficking offense.").  Whether a defendant intended to possess a firearm in furtherance of drug trafficking is "necessarily . . . subject to proof by circumstantial evidence."  *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001).  Relevant factors include "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found."  *Id.*

The jury heard evidence that the firearm, which was loaded, was located within feet of the stored narcotics in the five-foot-by-five-foot storage locker.  *Cf. United States v. Garner*, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime."); *United States v. Suarez*, 313 F.3d 1287, 1293 (11th Cir. 2002) (stating that where firearms were hidden in a stash house, "the jury could reasonably have inferred that the guns were to be used to protect the conspirators' investment in their shipment").  Defendant bartered for the gun when it was illegal for him to have one.  He instructed Mr. King to place the firearm in the storage locker, and Officer Brown observed defendant entering the storage locker, always with another individual.  Officer Brown also observed that defendant picked up drugs from the locker on those occasions.  Because drugs were missing from the locker after defendant left, a reasonable jury could have concluded that defendant engaged in a drug transaction in the locker, with the gun readily accessible.  Circumstantial evidence of defendant's intent supports his conviction for possession of a gun in furtherance of a drug trafficking crime, and the cases that defendant cites to the contrary are distinguishable on their facts.  *See, e.g., Bailey v.*

*United States*, 516 U.S. 137, 140-41, 148 (1995) (holding there was no "use" under the statute in two situations: (1) where a loaded gun was in a bag in the trunk of a vehicle in which drugs were found in the passenger compartment, and (2) where an unloaded, holstered gun was locked in a trunk in a closet of a residence where drugs were found elsewhere in the residence); *Iiland*, 254 F.3d at 1274 (holding there was no "possession" where firearms were in a residence, but drugs were stored in a storage unit several miles from the residence).

A "use" claim under § 924(c) may be supported with evidence that the defendant traded drugs for the gun.  *Smith v. United States*, 508 U.S. 223, 229 (1993) ("[O]ne who transports, exports, sells, or trades a firearm 'uses' it" in violation of § 924(c).); *United States v. Cox*, 324 F.3d 77, 82 (2d Cir. 2003); *United States v. Sumler*, 294 F.3d 579, 580 (3d Cir. 2002); *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506 (9th Cir. 1997); *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996); *United States v. Cannon*, 88 F.3d 1495, 1509 (8th Cir. 1996).  *But see United States v. Warwick*, 167 F.3d 965, 975-76 (6th Cir. 1999); *United States v. Westmoreland*, 122 F.3d 431, 435 (7th Cir. 1997); *United States v. Stewart*, 246 F.3d 728, 731 (D.C. Cir. 2001).  The court recognizes the case law holding that trading drugs for a gun does not constitute "use," but the court will follow the holding of the Supreme Court in *Smith*.  Because the government presented evidence that defendant traded drugs for the gun, sufficient evidence existed to convict on the "use" element of § 924(c).[1]

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal (Doc. 76)

---

[1] Defendant notes in his brief that the gun "was completely unrelated to any of the charged drug sales in this case."  To the extent that defendant is insinuating that the firearm was not "used" because defendant was not charged with possession or distribution of the drugs traded to Mr. Steiben, the court rejects his argument.  Defendant was charged with conspiracy for a time frame that encompassed the date of the trade with Mr. Steiben.

is denied.

Dated this 14th day of September 2005, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**