# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 04-20140-02 |
| | ) |
| MARDELL TROTTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Mardell Trotter's Motion Seeking to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 266) and a related Motion for Summary Judgment in Favor of Petitioner (Doc. 276).  For the reasons stated below, the court denies the motions.

### I.  FACTUAL BACKGROUND

Defendant and his brother, Maurice Trotter, were charged in a twelve-count indictment with numerous narcotic and firearm charges.  A jury found the Trotters guilty, and the court sentenced defendant to 322 months' imprisonment.  Defendant appealed his convictions, which the Tenth Circuit affirmed.  *See United States v. Trotter*, 483 F.3d 694, 697 (10th Cir. 2007) (*Trotter I*).

Defendant appealed to the Supreme Court, which vacated the judgment and remanded the case for further consideration in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).  *Trotter v. United States*, 552 U.S. 1090, 1090 (2008).  Accordingly, the Tenth Circuit remanded the case to the district court with instructions to "clarify why it rejected Defendant's request" for a downward departure. *United States v. Trotter*, 267 F. App'x 788, 788 (10th Cir. 2008) (unpublished) (*Trotter II*).  In July 2008, the district court issued an order clarifying that its basis for rejecting defendant's request was not the mistaken belief that it lacked discretion to consider whether the crack/powder cocaine disparity

resulted in a disproportionately harsh sentence ("2008 Order"). The district court did not conduct a resentencing or issue a new judgment. Defendant's counsel did not appeal the 2008 Order, so defendant filed a pro se notice of appeal, which the Tenth Circuit denied as untimely. *United States v. Trotter*, 379 F. App'x 735, 737 (10th Cir. 2010) (unpublished) (*Trotter III*).

Defendant then filed a 28 U.S.C. § 2255 motion alleging that his counsel was ineffective because he failed to file a notice of appeal from the 2008 Order. In May 2013, the district court held that defendant's attorney was constitutionally ineffective and re-imposed defendant's original 322-month sentence in order to allow an appeal. On appeal, the Tenth Circuit held that defendant should have received a new sentencing hearing and been resentenced under the revised Guidelines, which provided lower mandatory minimums. The Tenth Circuit thus remanded to the district court for resentencing. *United States v. Trotter*, No. 13-3145, slip op. at 1 (10th Cir. Nov. 21, 2013) (unpublished) (*Trotter IV*). On April 1, 2014, the court reduced defendant's sentence to 180 months pursuant to recent Guidelines revisions. Defendant timely appealed the 2014 resentencing.

On appeal, defendant's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Defense counsel identified four potentially appealable issues: 1) the district court's denial of defendant's motion to suppress; 2) the sufficiency of the evidence to sustain a conviction for conspiracy to distribute crack cocaine; 3) application of a sentencing enhancement for a prior drug conviction; and 4) instructions to the jury on defendant's § 924(c) firearm count. Defense counsel concluded that these issues were frivolous based upon the law of the case, the mandate rule, and waiver.

Defendant filed a pro se brief, arguing that the law-of-the-case doctrine and mandate rule were inapplicable because the decision in *Trotter I* was entirely vacated and because there was intervening precedent to warrant reconsideration of the § 924(c) conviction. The Tenth Circuit rejected

defendant's arguments and specifically held that the judgment in *Trotter I* vacated only the sentence but not the convictions. *United States v. Trotter*, 601 F. App'x 721, 724 (10th Cir. 2015) (*Trotter V*). The court also noted that the proper time for defendant to have raised any additional issues would have been during the direct appeal of his 2013 resentencing in *Trotter IV*. *Id.*

Finally, the Tenth Circuit reviewed the § 924(c) sufficiency-of-the-evidence claim for plain error and held the following:

> Trotter argues that under *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007), the district court erred by instructing the jury that it could consider whether a firearm was "exchanged, traded or bartered for drugs" in its deliberations on the § 924(c) count. Although *Watson* held that trading a firearm for drugs cannot satisfy the "use" prong of § 924(c), it explicitly refused to decide if that reasoning applied to the "possession in furtherance of" prong. 552 U.S. at 83, 128 S.Ct. 579. Our circuit has held that trading guns for drugs may satisfy that prong. *United States v. Luke–Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007). Accordingly, the district court did not plainly err.

*Trotter V*, 601 F. App'x at 725. The Tenth Circuit dismissed the appeal. *Id.*

On April 27, 2015, defendant filed this § 2255 motion, which he claims is a "first . . . petition attacking the new judgment conviction and sentence." (Doc. 266 at 2.) Defendant's sole basis for this petition is his claim that his attorney at the 2014 resentencing failed to attack the sufficiency of the evidence as to the § 924(c) charge based upon *Watson v. United States*.

## II. ANALYSIS

Defendant attempts to challenge his conviction and sentence for his § 924(c) charge. However, claims raised and disposed of on direct appeal cannot be reasserted in a § 2255 motion. *See United States v. Johnson*, 30 F. App'x 821, 822 (10th Cir. 2002) (citing *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.")). Here, the Tenth Circuit reviewed and disposed of the § 924(c) claim in defendant's direct appeal from

the court's 2014 resentence (*Trotter V*), specifically holding that defendant was not entitled to relief on the basis of *Watson*.  Thus, to the extent defendant argues that *Watson* entitles him to any relief, that argument has been raised and disposed of on direct appeal.

However, defendant is now attempting to justify this § 2255 motion by claiming that his counsel was ineffective for failing to argue at his 2014 resentencing that *Watson* was an intervening change in the law.  (Doc. 266 at 3.)  In determining whether counsel was ineffective, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687–88.  The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Despite the existence of two prongs, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  *Id.* at 697.

In this case, defendant cannot establish that the proceedings would have been different if his counsel would have argued *Watson* at resentencing because, as noted above, the Tenth Circuit issued a ruling on this precise issue, holding that *Watson* entitled defendant to no relief on his § 924(c) claim.

*Trotter V*, 601 F. App'x at 725.  Moreover, defense counsel included the § 924(c) claim in his *Anders* brief, thus raising the issue on appeal.

The Tenth Circuit has concluded that *Watson* is not applicable to this case.  As such, defendant cannot establish prejudice resulting from his attorney's failure to raise the issue with the district court at resentencing.  The court finds that defense counsel did not provide ineffective assistance at resentencing or on appeal.  Accordingly, the court denies defendant's § 2255 petition.

### III. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant Mardell Trotter's Motion Seeking to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 266) and Motion for Summary Judgment in Favor of Petitioner (Doc. 276) are denied.

Dated this 9th day of November, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**